PER CURIAM:
Claimants brought this action for vehicle damage which occurred when theirl994 Ford Taurus struck a hole and a broken section of pavement while claimant, Jennifer Harman, was driving on Chaplain Hill Road in Morgantown, Monongalia County. Chaplain Hill Road is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred between 9:00 a.m. and 10:00 a.m. on April 24,2008. Chaplain Hill Road is a two-lane road with a speed limit of forty-five miles per hour. At the time of the incident, claimant was driving near the Milan Park School, and she had just driven past the school bus garage. As she was proceeding on Chaplain Hill Road at approximately thirty-five miles per hour, her vehicle struck a hole and a raised section of pavement on the road. According to the claimant, the area where the group of holes and broken section of pavement were located was approximately three and a half to four feet wide and ten to twelve feet long. She drove closer to the yellow center line in order to avoid a hole located in the center of the road. Since there was a school bus traveling in the opposite lane, and there was a vehicle traveling behind her, she was unable to avoid the hole and the raised section of pavement. She stated that Chaplain Hill Road is a heavily traveled road. Although she noticed that the road was in disrepair when she had driven on the road several days prior to this incident, the road condition had worsened since the last time she had traveled on this road. As a result of this incident, the vehicle sustained damage to its exhaust extension pipe ($98.88), exhaust resonator ($48.88), exhaust pipe/flange gasket ($16.06), catalytic converter ($388.88), oil pan ($37.10), and transmission filter ($24.13). The labor charges total $236.84. Ms. Harman also seeks to recover work loss in the amount of $84.00. Thus, claimants’ damages amount to $934.77. Claimants did not have insurance coverage for this loss.
The position of the respondent is that it did not have actual or constructive notice of the condition on Chaplain Hill Road. Kathy Westbrook, Highway Administrator for respondent in Monongalia County, testified that Chaplain Hill Road is a secondary road in terms of its maintenance. Since there is a new elementary school and a school bus garage in this area, school buses travel on this road on a daily basis. According to Ms. Westbrook, the traffic on this road and the weather conditions could have caused the road to deteriorate. In addition, she stated that the base of the road underneath the asphalt was not compacted properly, causing the asphalt to become loose.
The well-established principle of law in W est Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 *185 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole and the broken section of pavement which claimants’ vehicle struck and that these conditions presented a hazard to the traveling public. The size of the hole and the time of year in which this incident occurred leads the Court to conclude that respondent had notice of this hazardous condition. Thus, the Court finds respondent negligent and claimants may make a recovery for the damage to their vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in the amount of $934.77.
Award of $934.77.